UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 09-02504 |
|---|---|
| BRANDON KEONI SILVA and TASHA NOHELANI SILVA, | Chapter 13 |
| Debtors. | Re: Docket No. 17 |

## MEMORANDUM OF DECISION

### Background

On January 14, 2010, the Debtors filed a motion to enter into loan modification negotiations with the Debtor's mortgage loan service provider and for approval to modify the loan (docket no. 17). Howard Hu, the standing chapter 13 trustee, filed a limited objection to the motion on the grounds that if the negotiations lead to an actual agreement, the terms and conditions should be disclosed to the trustee and the court prior to execution of the loan modification agreement (docket no. 23). The court heard the motion on February 18, 2010.

The Debtors and their mortgage lender (or its agent) do not need court approval to enter into loan modification negotiations. Nothing in the Bankruptcy Code prevents or prohibits a chapter 7 or chapter 13 debtor or its secured creditors from entering into communications or negotiations about the possibility of a loan modification.

The automatic stay prohibits creditors from making formal or informal demands for payments. However, the automatic stay does not preclude all communication between debtors and creditors. See Connor v. Countrywide Bank, N.A. (In re Conner), 366 B.R. 133 (Bankr. D.Haw. 2007)(with respect to reaffirmation agreements). Neither the letter nor the purpose of the automatic stay provisions preclude loan modification negotiations between debtors and secured creditors.

Depending upon the circumstances, it may be necessary to obtain court approval before a loan modification is consummated, but there apparently is no such agreement yet in this case. It is therefore enough to say that the negotiations may take place.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 02/18/2010